UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ROSE LEONARD,

    Petitioner,

v.

    CASE NO: 8:13-CV-1670-T-30MAP
    CRIM. CASE NO: 8:03-CR-230-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), the United States' Response (CV Dkt. #7), and the Petitioner's Reply (CV Dkt. #8). Upon consideration, the Court concludes the motion should be summarily denied without an evidentiary hearing with respect to claims two, three, and four because it plainly appears from the parties' pleadings and the prior criminal proceedings that the Petitioner is not entitled to relief. *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). An evidentiary hearing is necessary to resolve claim one.

## Background

Leonard was charged with Possession of Ammunition by a Convicted Felon in violation of Title 18, United States Code, Section 922(g)(1). Leonard pled guilty to the charge pursuant to a plea agreement and was sentenced to 77 months of imprisonment followed by 36 months of supervised release. CR Dkt. # 13, 14, 29. After completing his

1

custodial sentence, Leonard was again arrested for multiple violations of the terms of his supervised release including failure to submit monthly reports, filing untruthful monthly reports, and failure to notify the probation officer of arrests and changes of residence. CR Dkt. # 52. The Court found Leonard violated his supervised release and sentenced him to a 20-month term of imprisonment with no further supervised release to follow. CR Dkt. # 61.

Petitioner, proceeding *pro se,* timely filed this motion to vacate his sentence claiming his counsel was ineffective for:

1. failing to file an appeal at his specific request;

2. failing to challenge his sentence for being in violation of the Ex Post Facto Clause of the Constitution;

3. denying Leonard his right to testify at his revocation hearing; and

4. failing to object to his 20-month sentence or the Court's failure to elicit fully-articulated objections.

## DISCUSSION

Effective assistance of counsel is guaranteed by the Sixth Amendment. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The standard for determining an ineffective assistance of counsel claim is whether counsel's conduct undermined the judicial process to the point it cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An attorney is presumed to be competent so the petitioner has the burden of demonstrating he was deprived of effective counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

Vacating a conviction because of ineffective counsel requires the petitioner establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The focus in the first prong is not whether counsel could have made a different decision but only whether counsel's performance was reasonable. *See Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). Prejudice in the second prong is defined as the petitioner being able to show there is a reasonable probability, but for counsel's unreasonable error, the result would have been different. *Strickland*, 466 U.S. at 694. Evaluation of an effectiveness claim does not require the analysis to be conducted in any particular order and the court is not required to address both components of the inquiry should the petitioner fail in making a sufficient showing on one. *Strickland*, 466 U.S. at 697.

**Claim One**

Leonard complains that his counsel was ineffective for failing to file a notice of appeal at the conclusion of his revocation of supervised release hearing. When a petitioner requests counsel file an appeal and counsel fails to do so, the petitioner is entitled to resentencing and an appeal without showing that his appeal was likely to have merit. *Peguero v. United States*, 526 U.S. 23, 28 (1999).

Leonard states that his counsel instructed him that, by admitting to the violations of his supervised released, he would receive a further custodial sentence between eight and fourteen months. When the Court sentenced him to a further twenty months in custody, he stated that it was his intention to appeal and he expressly instructed his counsel to take the

necessary action. Leonard alleges that his counsel refused to comply with his instruction because counsel claimed there was nothing to appeal.

The Government contests the fact that Leonard's counsel refused to file a notice of appeal on his behalf. Leonard's former counsel has provided the Court with an affidavit supporting the Government's position. Since both parties have provided sworn statements that are in direct conflict on material facts, this Court is unable to conclusively show whether the Movant is entitled to relief solely on the motion, records, and files of this case. An evidentiary hearing will be necessary to resolve this dispute.

**Claim Two**

Leonard argues that his counsel was ineffective for failing to challenge his revocation sentence as being in violation of the Ex Post Facto Clause. Leonard had approximately twelve months of supervised release remaining to complete his sentence when the warrant was issued for his arrest. The Court found Leonard had violated the terms of his supervised release and sentenced him to twenty months in custody with no additional supervised release. Leonard believes that extending his total sentence beyond the date of when he was originally scheduled to complete his supervised release is a violation of the Ex Post Facto Clause. Alternatively, he argues that the Court violated the Ex Post Facto Clause by sentencing him to a term of imprisonment which was beyond what the statute allowed at the time he committed his initial offense.

To prevail on an *ex post facto* claim, a petitioner must show that the law being challenged both operates retroactively and raises the penalty from what the law provided when the criminal act took place. *Johnson v. United States*, 529 U.S. 694, 699 (2000).

Sentences imposed upon revocation of supervised release are not attributed to the violations of the terms of supervised release, but to the initial offense. *Id.* at 701. Therefore, a court imposing sanctions because of a violation of terms of supervised release must look to the law as it was when the petitioner committed the initial offense to ensure the sentence falls within the limits at that time.

Leonard committed the offense that served as the basis for his supervised release on or about the February 5, 2003. Much of his argument supporting this claim is unintelligible, but he apparently believes that the February 5, 2003 version of Title 18 U.S.C. § 3583(e)(3) did not entitle the Court to administer the sanctions he received at his revocation hearing. The statute currently states:

> The court may … revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court … finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation … more than 2 years in prison if such offense is a class C or D felony …

18 U.S.C.A. § 3583

The Court has reviewed the statute as it appeared the day Leonard's initial offense was committed and finds it materially the same as above. On both dates the statute authorized the Court to sentence a defendant who has committed a class C felony, such as Leonard, to serve not more than two years in prison. The argument that the Court was unjustified in sentencing him for a term of imprisonment beyond the date when his supervised release was originally to be completed is meritless.

The Court concludes that there is no basis for Leonard's claim that his counsel should have objected on the grounds that his sentence resulted in a violation of the Ex Post Facto Clause. Therefore, the Petitioner is not entitled to relief on this claim.

**Claim Three**

Leonard alleges that his counsel was ineffective for refusing to allow him or his witnesses to testify on his behalf during his final revocation hearing. He claims that he was limited to answering the questions asked of him by the Court and was refused the opportunity to testify otherwise. The transcript of Leonard's final revocation hearing shows Leonard is mistaken. CR Dkt. # 29.

Leonard's counsel told the Court at the beginning of the revocation hearing that he was admitting to all of the allegations but wanted to give a reason for his failure to notify probation about his change in residence. CR Dkt. # 29, p. 3. Leonard then spoke on his own behalf stating the reason he moved was because he was trying to avoid going back to jail. CR Dkt. # 29, p. 3. Leonard's counsel then stepped in to help the Court understand, expressing that Leonard was having issues with his wife. CR Dkt. # 29, p. 3. He did not report to his probation officer because he believed this living situation to be temporary and it did not amount to a change in residence. CR Dkt. # 29, p. 3.

Leonard's counsel then proceeded to call family members, Frankie Leonard and Pearl Hill, to testify on his behalf. CR Dkt. # 29, p. 6. Frankie Leonard asked the Court for a sentence ranging between six and eight months because of the lack of severity of the Petitioner's violations and the need for him to be out to support his family. CR Dkt. # 29,

p. 7. Pearl Hill testified as to the Petitioner's good character and how the family needs him to be around. CR Dkt. # 29, pp. 8-10.

Leonard's counsel again interjected just before the Court proceeded to sentencing to allow him to address the Court a final time. CR Dkt. # 29, p. 10. Leonard then gave a lengthy and uninterrupted statement. CR Dkt. # 29, pp. 10, 11. He expressed that he was a different person since being released from prison, he was trying his best to support his family, but he had encountered some difficulties finding a job and getting along with his wife. CR Dkt. # 29, pp. 10, 11.

In conclusion, Leonard has not shown his counsel's assistance to be ineffective.

**Claim Four**

Leonard claims his counsel was ineffective for not objecting to the Court's failure to elicit fully-articulated objections and his 20-month sentence. He makes no attempt to show how either of these alleged failures on the part of his counsel prejudiced his defense. The sentence Leonard received was a lawful sentence and it is unclear how objecting would have resulted in a reasonable probability that the outcome would have been different. What Leonard really complains of is trial court error, an inappropriate claim for a § 2255 motion.

Leonard has not shown how the alleged deficiencies of his counsel prejudiced his defense. Therefore, he is not entitled to relief on this claim.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. This matter is hereby scheduled for an evidentiary hearing on **WEDNESDAY, JANUARY 8, 2014, AT 9:30 A.M.** at the U.S. Sam Gibbons Courthouse,

801 North Florida Avenue, Courtroom # 13A, Tampa, Florida 33602. Time reserved: Two (2) hours.

2. The Government is directed to transport Petitioner to the Tampa, Florida, area at least ten (10) days prior to the hearing so that he may meet with newly appointed counsel and attend the hearing. Further, the Government is directed to subpoena A. FITGERALD HALL, Esquire, to be present at the hearing with his file concerning his representation of Petitioner.

3. Magistrate Judge Mark A. Pizzo is requested to appoint new CJA counsel for Petitioner and instruct said counsel to be prepared to address the issues raised by Petitioner in his §2255 motion herein.

4. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED as to claims two, three, and four.

**DONE** and **ORDERED** at Tampa, Florida on this 21st day of November, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
Magistrate Judge Mark A. Pizzo
A. Fitzgerald Hall, Esquire, Assistant Federal Public Defender
United States Marshal

F:\Docs\2013\13-cv-1670 evid hrg.docx