UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT R. LEONARD,

    Petitioner,

v.                                          CASE NO: 8:13-CV-1670-T-30MAP
                                              CRIM. CASE NO: 8:03-CR-230-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Robert Leonard's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1). Previously, the Court denied claims two, three, and four without an evidentiary hearing because it plainly appeared from the parties' pleadings and the prior criminal proceedings that the Petitioner was not entitled to relief (CV Dkt. #9). *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). An evidentiary hearing was held on claim one, and the Court now finds that it too should be denied.

In claim one, Leonard contends his lawyer was ineffective for failing to file an appeal at his specific request. When a petitioner requests counsel file an appeal and counsel fails to do so, the petitioner is entitled to resentencing and an appeal without showing that his appeal was likely to have merit. *Peguero v. United States*, 526 U.S. 23, 28 (1999). The Government contested the fact that Leonard's counsel refused to file a notice of appeal on his behalf.

The Petitioner and his cousin, Frankie Leonard, as well as the Petitioner's former counsel, A. Fitzgerald Hall, testified during the hearing. The Petitioner stated that he was displeased that the sentence he received was greater than he anticipated and he discussed this with Mr. Hall. He remembered speaking with Mr. Hall about his situation immediately after his revocation hearing and again when Mr. Hall came to visit him in the Citrus County jail. He testified that Mr. Hall spent roughly two minutes with him during their meeting at the jail and Mr. Hall assured him that an appeal would be filed. However, there was some ambiguity as to what the Petitioner recalled Mr. Hall saying. The Petitioner also expressed having difficulty interpreting court documents as well as the letter he received confirming he did not wish to appeal his sentence. Frankie Leonard, the Petitioner's cousin, testified that he also spoke with Mr. Hall after the revocation hearing and he recalled Mr. Hall saying that he would file an appeal.

Mr. Hall testified that he has been a Federal Public Defender for over thirteen years and it is always his practice to consult with his clients about the opportunity for an appeal. In situations where a client may be displeased, such as the Petitioner receiving a sentence in excess of the guidelines, he makes it a point to try and speak with them in person afterwards. He stated he spoke with the Petitioner after his revocation hearing, and again during the jail visit, and the Petitioner expressed that he did not wish to pursue an appeal. However, Mr. Hall recalled spending twenty to thirty minutes speaking with the Petitioner during the jail visit.

Mr. Hall testified that he always confirms his client's desire not to file an appeal. He either has them sign a form stating such or he sends them a confirmation letter

memorializing their wishes.  In this instance, since he had twice discussed the Petitioner's intentions, he felt comfortable sending him a confirmation letter, which he did.  The Court listened to the testimony of the witnesses, considered the facts of the case, and found Mr. Hall to be credible.

The Court makes a finding of fact that Mr. Leonard did not tell Mr. Hall to file an appeal on his behalf.   While Mr. Leonard's sentence was in excess of the guideline range by six months, he was not given any additional supervised release to follow the sentence (which Mr. Leonard did not want and the Court thought would be a waste of time given Mr. Leonard's demonstrated inability to follow rules).  Had Mr. Leonard been given a guideline sentence, he would have been given a guideline amount of supervised release to follow.

## Conclusion

Because Mr. Leonard did not ask counsel to file an appeal, claim one will be denied. It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. #62 in the underlying criminal case, case number 8:03-CR-230-T-30MAP.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 30th day of January, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-1670 deny 2255.docx